Receipt # 007767

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 7 2008
U.S. COURT OF FEDERAL CLAIMS

**TERRA HEALTH, INCORPORATED**

**Plaintiff,**

**v.** No. 08-139 C

**THE UNITED STATES**

**Defendant**

## COMPLAINT

**NOW COMES**, Plaintiff, TERRA HEALTH, INCORPORATED and files this Original Complaint and would show this Court the following:

## I.

## PARTIES

1. Plaintiff is TERRA HEALTH, INCORPORATED ("THI"), a Texas Corporation with its principal offices at 5710 W. Hausman Road, Suite #108, San Antonio, Bexar County, Texas, 78249. THI is also a small disadvantaged business certified by the United States Small Business Administration.

2. Defendant is the UNITED STATES OF AMERICA ("GOVERNMENT"), acting through officials representing the Secretary for the United States Department of the Air Force.

## II.

## JURISDICTION

3. This Court has jurisdiction over this action under Section 10 of the Contract Disputes Act of 1978, 41 U.S.C. § 609(a) and the Tucker Act, 28 U.S.C. §1491(a).

## III.

## NATURE OF THE ACTION

4. This is an action for an equitable price adjustment; damages; and, for an appeal of a final contract officer's decision arising under various task orders issued pursuant to master IDIQ Contract No. FA7014-06-D-0005. THI has filed equitable price adjustment claims on numerous individual task orders pursuant FAR § 52.222-43, "FAIR LABOR STANDARDS ACT AND SERVICE CONTRACT ACT-PRICE ADJUSTMENT (MULTIPLE YEAR AND OPTION CONTRACTS)", based on the increased costs of performance which have arisen upon the issuance of several new wage determinations. The Government, through contracting officers responsible for individual task orders, has issued various final decisions with respect to THI's claims and/or has failed to issue a final decision, which is deemed to be a denial of THI's claims.

5. Further, THI seeks a determination as to the Government's contractual obligations pursuant to Contract No. FA7014-06-D-0005 and FAR §52.222-43 FAIR LABOR STANDARDS ACT AND SERVICE CONTRACT ACT - PRICE ADJUSTMENT (MULTIPLE YEAR AND OPTION CONTRACTS) which is incorporated into the contract.

6. All prerequisite jurisdictional matters with respect to the filing of this Complaint and with respect to the claims asserted in this Complaint have been met.

## IV.

## FACTUAL BACKGROUND

### A. Master Contract No. FA7014-06-D-0005

7. On or about November 16, 2005, THI was awarded Contract No. FA7014-06-D-0005 ("MASTER CONTRACT"). The MASTER CONTRACT is a multiple award, indefinite delivery indefinite quantity (ID/IQ) contract. The MASTER CONTRACT contemplated a base plus option year contract equaling ten (10) years.

8. Contractors awarded the MASTER CONTRACT agree to provide health care worker personnel/workers to support Air Force medical treatment facilities throughout the United States in accordance with the Performance Work Statement (PWS) included at Section C of the Solicitation.

9. Services provided under the MASTER CONTRACT are to be procured via the award of task orders issued against the MASTER CONTRACT.

10. All Air Force contracting offices that support military treatment facilities are authorized to place task orders against the MASTER CONTRACT.

11. Soon after the award of the MASTER CONTRACT, THI was awarded various task orders provide health care worker personnel/workers to support Air Force medical treatment facilities.

12. On or about November 15, 2006, the Government exercised the first option on MASTER CONTRACT.

13. On or about December 20, 2006, a new wage determination was incorporated into the MASTER CONTRACT by Modification No. P0001.

14. On or about January 15, 2007, THI sent an e-mail to Mr. Joseph Boudreau, Contracting Officer for the MASTER CONTRACT, requesting a 45 day extension to prepare and file Equitable Price Adjustment Claims for each of the various task orders that had been issued to THI under the MASTER CONTRACT.

15. On or about January 16, 2007, Mr. Boudreau informed THI by e-mail that the 45 day extension request was granted as to any issues relating to the MASTER CONTRACT; but, that THI must contact the appropriate administering contracting officer responsible for each of the individual task orders being performed by THI for any issues related to such task orders and to seek any extensions for submitting a claim.

**B. <u>Dover Air Force Base Task Order No. 5R01</u>:**

16. On or about January 18 2007, THI sent a copy of Mr. Boudreau's e-mail response to the Contracting Officer for TO# 5R01, seeking an extension of time to prepare a request for Wage Determination and an H&W Equitable Price Adjustment, as instructed by Mr. Boudreau. THI has not yet received any response to this specific request for an extension of time.

17. On or about March 5, 2007, THI sent a formal claim letter to the Contracting Officer for TO# 5R01 seeking an Equitable Price Adjustment for the Contract Year effective December 1, 2006 for the increase costs associated with the wage determination incorporated into the MASTER CONTRACT December 20, 2006. This claim sought payment of $525.16 to THI.

18. On or about March 9, 2007, the Contracting Officer for TO# 5R01 stated that the current wage determination is valid for the life of the task order and that no price adjustment was required at that time.

19. On or about August 30, 2007, THI revised its March 5, 2007, claim and forwarded the revised claim to the Director of Contracting for the MASTER CONTRACT. This revised claim sought payment of $948.21 to THI.

20. Because a Contracting Officer has never provided Plaintiff with a Contracting Officer's Final Decision in response to these claims within a reasonable time period after these claims were submitted, these claims are deemed denied and an appeal is now proper.

**C. Minot Air Force Base Task Order No. BX01 BX02, BX03, BX04, BX05, BX07 and BXO8**

21. On January 18, 2007, THI sent a copy of Mr. Boudreau's January 16, 2007 e-mail response to the Contracting Officer for TO#'s BX01, BX02, BX03, BX04, BX05, BX07 and BX08, seeking an extension of time to prepare a Equitable Price Adjustment based upon the new wage determination, as instructed by Mr. Boudreau. This e-mail referenced Contract FA 7014-06-D-005 and TO#'s BX01, BX02, BX03, BX04, BX05, BX07 and BX08 – WD & H&W EPA Adjustments. THI has not yet received any response to this specific request for an extension of time.

22. On March 5, 2007, THI sent an e-mail to the Contracting Officer for TO## BX01, BX02, BX03, BX04, BX05, BX07 and BX08 containing THI's request for an extension of time, along with an attached claim letter seeking an Equitable Price

Adjustment on Task Order #'s BX01, BX02, BX03, BX04, BX05, BX07 and BX08 for the increased costs associated with the new wage determination. These claims sought payment to THI of $1,253.71 for TO# BX01; $957.38 for TO# BX02; $957.38 for TO# BX03; $957.38 for TO# BX04; $957.38 for TO# BX05; $1,914.76 for TO# BX07; and $957.38 for TO# BX08. THI has not yet received any response from the Contracting Officer regarding these claims.

23. On or about August 30, 2007, THI revised its March 5, 2007, claims and forwarded these revised claims to the Director of Contracting for the MASTER CONTRACT. These revised claims sought payment to THI of $1,253.71 for TO# BX01; $957.38 for TO# BX02; $1,800.78 for TO# BX03; $957.38 for TO# BX04; $957.38 for TO# BX05; $7,613.44 for TO# BX07; and $957.38 for TO# BX08.

24. Because a Contracting Officer has never provided Plaintiff with a Contracting Officer's Final Decision in response to these claims within a reasonable time period after these claims were submitted, these claims are deemed denied and an appeal is now proper.

## V.

## COUNT I – CONTRACT DISPUTES ACT CLAIM
**(Appeal of Contracting Officer's Deemed Denial of THI's Claims)**

25. Under the MASTER CONTRACT, THI has been providing healthcare personnel/workers for numerous Air Force Bases around the United States as needed and ordered by the Government, pursuant to various Task Orders issued under the MASTER CONTRACT.

26. On December 20, 2006 a new Wage Determination was incorporated into the MASTER CONTRACT by Modification No. P0001.

27. When Plaintiff contacted Joseph Boudreau, Contracting Officer for the MASTER CONTRACT, to inquire about filing equitable price adjustment claims for each of the various outstanding task orders, Plaintiff was instructed by Mr. Boudreau to contact each of the various task officers directly.

28. When Plaintiff contacted and filed claims with each of the various task order Contracting Officers as instructed by Mr. Boudreau, Plaintiff either did not receive a formal response ("Contracting Officers Final Decision") or was told by the individual task order contracting officer that no new wage determination was applicable at that time.

29. Plaintiff has subsequently learned that that the reason individual task order officers were finding that no new wage determination was applicable to one or more of their task orders is because the Air Force has a standing policy that when a task order is issued, the wage determination in effect at the time that the task order is issued is valid for the entire life of the individual task order, even when the task order extends into a new MASTER CONTRACT option year, notwithstanding the fact that the MASTER CONTRACT option had been exercised and had incorporated a new and different wage determination.

30. Plaintiff avers that this standing policy incorrectly follows the dictates of FAR §52.222-43 FAIR LABOR STANDARDS ACT AND SERVICE CONTRACT ACT - PRICE ADJUSTMENT (MULTIPLE YEAR AND OPTION CONTRACTS) and Congressional intent under the Service Contract Act with regard to the equitable payment for service employees under government contracts.

31. Plaintiff also avers that the duties and responsibilities of the Service Contract Act are self executing and are incorporated into the MASTER CONTRACT by operation of law. Furthermore, the MASTER CONTRACT, along with each task order issued thereunder, incorporated by reference FAR §52.222-43 FAIR LABOR STANDARDS ACT AND SERVICE CONTRACT ACT - PRICE ADJUSTMENT (MULTIPLE YEAR AND OPTION CONTRACTS).

32. This price adjustment clause requires the Government to incorporate any new wage determinations into all task orders issued under such MASTER CONTRACT, regardless of whether or not a particular task order would extend beyond the initial term or a subsequent option period(s) of the MASTER CONTRACT, at the time that such wage determinations are incorporated into the MASTER CONTRACT.

33. This price adjustment clause also requires the Government to pay THI the increased costs associated with a new wage determination. In refusing to pay THI on its claims, the Government has wholly failed to comply with the mandates of the Service Contract Act and FAR §52.222-43 FAIR LABOR STANDARDS ACT AND SERVICE CONTRACT ACT - PRICE ADJUSTMENT (MULTIPLE YEAR AND OPTION CONTRACTS).

34. Plaintiff believes that by allowing a task order to extend into a new MASTER CONTRACT option year without incorporating any new wage determination applicable to the new MASTER CONTRACT option year would cause contract employees to be paid wages less than those required under the new wage determinations or would expose Plaintiff to unreimbursed increases in costs associated with a new wage determination.

35. Therefore, THI seeks a determination as to the Government's contractual obligations pursuant under MASTER CONTRACT with respect to THI's claims for Equitable Price Adjustments under the MASTER CONTRACT.

36. THI further demands judgment against the United States in the amount of $15,445.66 representing the total sum sought under THI's revised claims sent to the Government on August 30, 2007. Alternatively, THI demands judgment against the United States in the amount of $8,080.53 representing the total sum sought under THI's claims sent to the Government on March 5, 2007.

37. THI further requests that to the extent THI is successful in this lawsuit, and after proper application has been made, THI seeks the award of reasonable attorney's fees and expenses as provided for under the Equal Access to Justice Act (EAJA).

**WHEREFORE,** THI demands judgment against the United States in the amount of $15,445.66, or alternatively in the amount of $8,080.53, representing the total sum sought under THI's claims sent to the Government. Upon the filing of a proper application, THI further seeks an award of reasonable attorney's fees and expenses as permitted under the Equal Access to Justice Act (EAJA). THI seeks other general relief as it may be shown.

Dated March 6, 2008

Respectfully Submitted,

By: ______________________

**JOHN C. DULSKE**
State Bar No. 00783994
**JOAN KELLY FOWLER FIORINO**
State Bar No. 07038500

THE LAW OFFICES OF DULSKE & FIORINO, P.C.
The Spectrum Building
10500 Heritage Blvd., Suite 107
San Antonio, Texas 78216
(210) 524-3821 (Telephone)
(210) 340-1648 (Facsimile)
jdulske@dulske-fiorino.com

Attorneys for Plaintiff, Terra Health, Inc.